IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUPASTRIP INC., a Virginia corporation
d/b/a FILTRONA TAPES,

    Plaintiff,

v.                                              Civil Action No. 3:24-cv-765

HINDUSTAN ADHESIVES LIMITED,
an Indian company d/b/a
BAGLA GROUP, and CYNDI SAMS,
an individual,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANT CYNDI SAMS' MOTION TO DISMISS AMENDED COMPLAINT (the "MOTION") (ECF No. 22), DEFENDANT CYNDI SAMS' BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT (ECF No. 23), PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CYNDI SAMS' MOTION TO DISMISS AMENDED COMPLAINT (ECF No. 28), and the DEFENDANT CYNDI SAMS' REPLY TO PLAINTIFF'S RESPONSE TO HER MOTION TO DISMISS (ECF No. 31). Having reviewed the papers and for the reasons set forth below, the MOTION will be GRANTED as to COUNT V of the AMENDED COMPLAINT (ECF No. 20), without prejudice to the re-filing of the claim therein asserted.

## BACKGROUND

### I. Procedural History

On October 10, 2024, Supastrip Inc., a Virginia corporation d/b/a Filtrona Tapes ("Filtrona") filed the COMPLAINT (ECF No. 1) against Hindustan Adhesives Limited, an Indian company d/b/a Bagla Group ("Bagla") for False Association, Theft of Trade Secrets, Tortious Interference with Business Expectancy, and Aiding and Abetting Breach of Fiduciary Duty (COUNTS I-IV). Filtrona also named Cyndi Sams ("Sams") as a defendant in COUNT V and sued her for Breach of Fiduciary Duty.

On November 25, 2024, Sams filed DEFENDANT CYNDI SAMS' MOTION TO DISMISS COMPLAINT (ECF No. 15) on the grounds that the COMPLAINT lacked supplemental jurisdiction over the Breach of Fiduciary Duty claim made against her and that the COMPLAINT failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). On August 16, 2024, Filtrona filed the AMENDED COMPLAINT ("AMENDED COMPLAINT" or "FAC") (ECF No. 20), which removed COUNT V, the Breach of Fiduciary Duty claim against Sams, and replaced it with a Breach of Contract claim. ECF No. 20 at 10. The Court denied DEFENDANT CYNDI SAMS' MOTION TO DISMISS COMPLAINT (ECF No. 15) as moot because of the filing of the AMENDED COMPLAINT. Sams then filed the MOTION (ECF No. 22).

2

When, as here, "a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009). Accordingly, the Court accepts that the relevant facts underlying these claims against Bagla and Sams as it relates to the MOTION are set forth below.

II. Factual Background

A. Filtrona and Bagla

For over 100 years, Filtrona has been a global market leader in producing tear-tape products that help open, close, and protect packaging. FAC ¶ 6. Filtrona has gone through multiple rebrands and name changes as a business, including Payne-Richmond, Inc. and Essentra Packaging, Inc. FAC ¶ 7. Bagla competes with Filtrona in the tear-tape products market. FAC ¶ 10.

Around July 16, 2024, Filtrona Group Holdings Limited, a privately owned company incorporated in England and Wales ("Filtrona Group"), sold all shares in Filtrona to Fairmont Group, Inc. ("Fairmont"). FAC ¶ 8. On or around August 14, 2024, just less than one month after the sale of Filtrona to Fairmont, Bagla stated on its LinkedIn page that it "recently acquired Filtrona Tear Tapes Assets." FAC ¶ 11; Ex. 20-1. As part of that announcement, Bagla "invite[d] all the tear tape industry partners

to connect as we embark on this exciting journey[.]" FAC ¶ 12; Ex. 20-1. Bagla further claimed in this LinkedIn post that this "strategic move mark[ed] a significant milestone in [Bagla's] mission to expand [its] global footprint" making it "the world's largest tear tape manufacturing company." FAC ¶ 13; Ex. 20-1. Bagla later doubled-down in a newsletter to Filtrona's customers on the claim that it had acquired Filtrona, with the headline of "Bagla Group Acquired Filtrona's Tear Tape Assets." FAC ¶ 15; Ex. 20-2. The newsletter stated that Bagla now held a "60% share of the global tear tape market" and had positioned itself as the "world's largest tear tape manufacturing facility[.]" FAC ¶ 16; Ex. 20-2.

### B. The Allegations Against Cyndi Sams

Cyndi Sams was hired by Filtrona, then named Payne-Richmond, Inc., as a customer service supervisor on or around September 5, 2006. FAC ¶ 25. As a condition of starting employment with Filtrona, Sams signed a non-disclosure and confidentiality agreement (the "Sams NDA"). FAC ¶ 26; ECF No. 20-3. Sams was employed by Filtrona for 15 years before she ended her employment on September 10, 2021. FAC ¶ 28. Sams was then hired by Bagla as a customer service manager in its North American tear-tape division. FAC ¶ 29. She remains employed in that position. Id.

In the AMENDED COMPLAINT, Filtrona alleges that, as part of her employment with Filtrona, Sams was privy to Filtrona's

confidential information, including "Filtrona's database of customers, pricing strategies, and confidential business practices." FAC ¶ 27. Sams was reportedly "aided and abetted [by Bagla] in converting Filtrona's customer list and pricing information" over to Bagla and Bagla encouraged and provided Sams, alongside her Katrina Wilks coworker, with the means to contact Filtrona's former customers, namely Ascor Packaging ("Ascor"). FAC ¶¶ 30-31.

On September 16, 2024, Bagla arranged a meeting with Juan Pablo Duran, the co-owner of Ascor. FAC ¶ 33. Ascor and Bagla entered into a partnership that Ascor publicly announced through a YouTube video on September 19, 2024, and that Bagla announced through a newsletter it published on October 1, 2024. FAC ¶¶ 34-35.

## DISCUSSION

I. Legal Standard

    a. Supplemental Jurisdiction

Pursuant to 18 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are <u>so related</u> to claims in the action within [their] original jurisdiction that they form <u>part of the same case or controversy</u> under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added). Claims form part of the same case or

controversy if they "'derive from a common nucleus of operative fact,'" so that a plaintiff would "ordinarily be expected to try them all in one judicial proceeding," regardless of their federal or state character. <u>Issac v. North Carolina Dept. of Transp.</u>, 192 F. App'x 197, 199 (4th Cir. 2006) (quoting <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

However, district courts have the discretion to decline supplemental jurisdiction over a state law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 110 (4th Cir. 2010).

### b. Rule 12(b)(6)

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, considered with the assumption that

the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (cleaned up). Fed. R. Civ. P. 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018). So, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. Twombly, 550 U.S. at 555, 127 S.Ct. 1955. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." Giacomelli, 588 F.3d at 193 (internal quotation marks omitted).

## ANALYSIS

### A. Supplemental Jurisdiction

Because the state law claim of breach of contract against Sams in COUNT V of the AMENDED COMPLAINT depends on the exercise of supplemental jurisdiction, the Court will first consider whether it may exercise such jurisdiction over COUNT V in the first place. If the Court lacks supplemental jurisdiction over COUNT V, then that count must be dismissed.

The AMENED COMPLAINT raises five (5) counts but only COUNTS I and II arise under this Court's original jurisdiction through the vehicle of federal question jurisdiction pursuant to 28 U.S.C. § 1331. COUNT I alleges False Association Pursuant to § 43(a) of the Lanham Act solely against Bagla. FAC ¶¶ 48-52. COUNT II alleges Theft of Trade Secrets Pursuant to the Defend Trade Secrets Act (18 U.S.C. § 1836) solely against Bagla. FAC ¶¶ 53-58.

Sams argues that the Court lacks supplemental jurisdiction over COUNT V because the claims over which the Court has original jurisdiction, COUNTS I and II, lack a common nucleus of operative fact with COUNT V (the breach of contract claim) made against Sams. ECF No. 23 at 7-8. While the Sams acknowledges that shared legal elements are not required to find supplemental jurisdiction, she posits that the lack of overlap between the legal elements of COUNTS I-II and COUNT V and their minimal factual overlap show

8

that those claims do not arise from a common nucleus of operative fact. Id.

Filtrona responds that the Court may, and should, exercise supplemental jurisdiction over COUNT V because various districts courts have exercised supplemental jurisdiction over state law claims that are related to claims brought under the Defend Trade Secrets Act. ECF No. 28 at 5-6 (citing Blades of Green, Inc. v. Go Green Lawn and Pest, LLC, 598 F. Supp. 3d 348, 360-61 (D. Md. 2022); Prysmian Cable & Systems USA, LLC v. Szymanksi, 573 F. Supp. 3d 1021, 1026-27 (D. S.C. 2021); Providence Title Company v. Truly Title, Inc., 547 F. Supp. 3d 585, 613 (E.D. Tex. 2021)). However, Filtrona provides no further detail as to how the facts of the claims at issue (COUNTS I and II on the one hand, and COUNT V, on the other) have factual or legal overlap.

The Court finds that the federal question claims, COUNTS I and II, and the claim against Sams for breach of Contract, COUNT V, as alleged in the AMENDED COMPLAINT are not properly presented so as to show that they derive from a common nucleus of operative fact. "Although supplemental jurisdiction does not require shared legal elements between claims, consideration of the elements of federal and pendent claims helps to determine whether the claims share operative facts." Milian v. Worsham Kreynus Properties, LLC, No. 3:18-CV-724 (DJN), 2019 WL 2437459, at *5 (E.D. Va. June 11, 2019)

(citing <u>Tobey v. Keiter, Stephens, Hurts, Gray & Shreaves</u>, 2013 WL 4101879, at *4 (E.D. Va. Aug. 13, 2013) ("To determine whether the federal and state law claims ... derive from a common nucleus of operative fact, it is first necessary to determine what Plaintiff will be required to prove under each type of claim raised in the Complaint.").

COUNT I alleges that Bagla violated § 43(a) of the Lanham Act through means of False Association between Filtrona and Bagla. In particular, the claim for False Association is based on Bagla's statement on its LinkedIn page that it had "acquired Filtrona's Tear Tapes Assets," which Filtrona claims caused confusion in the market and deceived the public as to the affiliation, connection, or association of Bagla with Filtrona. FAC § 51-52. To establish a claim of False Association under § 43(a) of the Lanham Act, Filtrona must prove the following elements:

> (1) the Defendants used his name or a word in interstate commerce in connection with goods and services; (2) the Defendants' use of his name or a word was likely to cause confusion, mistake or deception as to the association of the Defendant with the Plaintiff, or the sponsorship, or approval of Defendant's goods or services; and (3) Plaintiff is, or is likely to be, damaged by these acts.

Ullah v. Linkenauger, 2020 WL 9459338, at *3 (E.D. Va. Oct. 2, 2020) (citing JTH Tax, Inc. v. Williams, 310 F. Supp. 3d 648, 654 (E.D. Va. 2018).

COUNT I cannot serve as the basis for establishing supplemental jurisdiction over the breach of contract claim against Sams. First, there are no overlapping factual matters between the claim for False Association as it relates to the public posts that Bagla made concerning its purported acquisition of Filtrona and the facts surrounding the alleged breach by Sams of her Letter agreement with Filtrona. They are entirely separate on the facts. Second, there are no overlapping legal issues between the two claims. The False Association claim in COUNT I focuses entirely on the legal duties that Bagla owes Filtrona under the Lanham Act. In comparison, COUNT V derives from the non-disclosure agreement that Sams entered into with Filtrona and only concerns the legal duties that Sams owes under Virginia contract law to Filtrona pursuant to that agreement. Thus, no common nucleus of operative facts exists between these two claims, and the Court declines to exercise supplemental jurisdiction over COUNT V based on its relation to COUNT I.

COUNT II alleges that Bagla violated the Defend Trade Secrets Act, 18 U.S.C. § 1836, through improperly gaining access Filtrona's trade secrets by "by aiding and abetting Filtrona's

former employees, Wilks and Sams, with stealing [Filtrona's] trade secrets" and through the misappropriation of these alleged trade secrets to steal Filtrona's customer Ascor Packaging. FAC § 56-57. The elements for a claim under the Defend Trade Secrets Act are: "(1) the existence of a trade secret, (2) the trade secret's misappropriation, and (3) that the trade secret implicates interstate or foreign commerce. dmarcian, Inc. v. dmarcian Eur. BV, 60 F.4th 119, 141 (4th Cir. 2022). Contrary to Sams' assertion, there is an overlap here between what must be proven for the Defend Trade Secrets Act claim and the breach of contract claim. Both claims necessitate a showing that Sams had access to Filtrona's trade secrets and that Sams provided the trade secrets to Bagla to be misappropriated.

While there is an overlap in what must be proven between COUNTS II and V, the Court will not exercise supplemental jurisdiction over COUNT V based on COUNT II because the AMENDED COMPLAINT has not properly presented the Court sufficient factual overlap to do so. The sole factual allegation made in the AMENDED COMPLAINT that ties these two claims together is that Bagla, despite knowing that Sams was subject to an NDA with Filtrona, "aided and abetted Wilks and Sams in converting Filtrona's customer list and pricing information" and provided them "with the means to contact Filtrona's customers." FAC § 30-31. Filtrona believes that this

12

connection is enough to support the exercise of supplemental jurisdiction. However, as mentioned above, when "a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009). The allegations made against Sams in the AMENDED COMPLAINT are conclusory under the Rule 12(b)(6) standard because the AMENDED COMPLAINT simply states that Sams violated her NDA by providing confidential information without providing any factual context or support for that statement. Giacomelli, 588 F.3d at 193 ("naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief."). Because the AMENDED COMPLAINT is so factually devoid of any non-conclusory factual allegations that tie Sams into any purported theft of Filtrona's trade secrets, the Court will not exercise supplemental jurisdiction over the breach of contract claim being made against Sams.

## CONCLUSION

For the reasons set forth above, the DEFENDANT CYNDI SAMS' MOTION TO DISMISS AMENDED COMPLAINT (the "MOTION") (ECF No. 22) will be GRANTED, as it pertains to COUNT V, without prejudice to

the re-filing of the breach of contract claim against Cyndi Sams if the requirements of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) can be satisfied.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 27, 2025