IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUPASTRIP INC. a Virginia
Corporation d/b/a
FILTRONA TAPES,
    Plaintiff,

v.                                        Civil No. 3:24-cv-765

HINDUSTAN ADHESIVES LIMITED,
an Indian Company d/b/a
BAGLA GROUP, et al.,
    Defendants.

### MEMORANDUM OPINION

This matter is before the Court on DEFENDANT HINDUSTAN ADHESIVES LIMITED'S MOTION TO SET ASIDE FINAL DEFAULT JUDGMENT PURSUANT TO RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE (the "Motion to Set Aside") (ECF No. 93), the Plaintiff's BRIEF IN OPPOSITION TO DEFENDANT HINDUSTAN ADHESIVES LIMITED'S MOTION TO SET ASIDE FINAL DEFAULT JUDGMENT PURSUANT TO RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE (ECF No. 99), and the REPLY IN SUPPORT OF DEFENDANT HINDUSTAN ADHESIVES LIMITED'S MOTION TO SET ASIDE FINAL DEFAULT JUDGMENT PURSUANT TO RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE (ECF No. 104). For the reasons set forth below, the Court finds that Defendant Hindustan Adhesives Limited, d/b/a Bagla Group, in seeking to set aside the final default judgment as void under Fed. R. Civ. P. 60(b)(4), bears the burden of proving that the Court lacked in personam jurisdiction to enter the final default judgment (ECF No. 80).

I. BACKGROUND

On October 30, 2024, Supastrip Inc. ("Supastrip"), a Virginia corporation doing business as Filtrona Tapes, filed this action against Hindustan Adhesives Limited, an Indian company doing business as Bagla Group, ("HAL") asserting claims of False Association, Theft of Trade Secrets, and Tortious Interference with Business Expectancy. ECF No. 1 at 1. On November 4, 2024, Nakul Bagla, CEO of HAL, was served by a private process server and was provided with the summons and a copy of the Complaint. ECF Nos. 8-9. Within the twenty-one (21) day period permitted by Fed. R. Civ. P. 12, HAL had filed no responsive pleadings.

On December 2, 2024, Supastrip filed a MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST DEFENDANT HINDUSTAN ADHESIVES LIMITED, AN INDIAN COMPANY D/B/A BAGLA GROUP (ECF No. 16). On December 4, 2024, the Clerk, pursuant to Fed. R. Civ. P. 55(a), entered default against HAL. On February 26, 2025, Supastrip filed a MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT HINDUSTAN ADHESIVES LIMITED, AN INDIAN COMPANY D/B/A BAGLA GROUP (ECF No. 36).

On May 22, 2025, an email was sent from Rashi Anand Suri, on behalf of HAL, requesting permission to appear as counsel in this matter. ECF No. 52. After receiving the email, the Court explained that to file a notice of appearance, it was necessary to coordinate with local counsel that is barred and admitted to practice in the Eastern District of Virginia. ECF No. 53. So, the Court, by ORDER

(ECF No. 55) entered June 9, 2025, directed HAL to file a notice of appearance and any appropriate motions by June 24, 2025. Thereafter, the Court then received a letter, dated June 18, 2025, from Mr. Suri that, although addressed to the Court's "Jury Coordination Office," actually made requests of the Court. Consequently, the Court entered an ORDER (ECF No. 60) that directed HAL to address any future communication directly to the Court. After having received another email from Mr. Suri on July 7, 2025, which was addressed to "The Hon'ble Jury," this Court, by ORDER (ECF No. 62) entered July 8, 2025, admonished Mr. Suri for violating this Court's previous ORDER (ECF No. 60) that had already directed him to not use such channels of communication.

On July 8, 2025, Supastrip filed its AMENDED MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT HINDUSTAN ADHESIVES LIMITED, AN INDIAN COMPANY D/B/A BAGLA GROUP (ECF No. 64). By ORDER (ECF No. 74), the Court directed Supastrip to file a renewed motion for default judgment that addressed the eBay factors. In response, Supastrip filed its SECOND AMENDED MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT HINDUSTAN ADHESIVES LIMITED, AN INDIAN COMPANY D/B/A BAGLA GROUP (the "Second Amended Motion") (ECF No. 75). On August 14, 2025, this Court granted the Second Amended Motion and entered final default judgment against Defendant. ECF No. 80.

The first legitimate filings from HAL came to this Court on

October 27, 2025. ECF Nos. 87-90. These filings came over 10 months after the Clerk had entered default and over 2 months after the Court had entered final default judgment. HAL filed, under seal, DEFENDANT HINDUSTAN ADHESIVES LIMITED'S MOTION TO SET ASIDE FINAL DEFAULT JUDGMENT PURSUANT TO RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE (ECF No. 93). As relevant here, HAL argues that the final default judgment should be set aside as void under Fed. R. Civ. P. 60(b)(4) because this Court did not have personal jurisdiction over HAL. ECF No. 94 at 1.

## II. LEGAL STANDARD

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b)(4) states that a court may relieve a party from a final judgment, including a default judgment, when "the judgment is void[.]" Fed. R. Civ. P. 60(b) (emphasis added). "An order is 'void' for purposes of Rule 60(b)(4) . . . if the court rendering the decision lacked personal . . . jurisdiction . . . ." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005) (citing Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999)).

## III. ANALYSIS

HAL argues that the final default judgment should be set aside as void under Rule 60(b)(4) because the Court did not, and does not, have personal jurisdiction over HAL. ECF No. 94 at 1. Having

reviewed the relevant filings, the Court has determined that, as a preliminary matter, it must first decide "which party, on a rule 60(b)(4) motion, has the burden of proof to establish whether or not the district court in the underlying action had jurisdiction to enter the default judgment." Bally Exp. Corp. v. Balicar, Ltd., 804 F.2d 398, 401 (7th Cir. 1986).

"Federal Rule of Civil Procedure 60(b)(4) allows a defendant to attack a default judgment by subsequently challenging the personal jurisdiction of the court that issued the judgment." Ariel Waldman, Allocating the Burden of Proof in Rule 60(b)(4) Motions to Vacate a Default Judgment for Lack of Jurisdiction, 68 U. Chi. L. Rev. 521 (2001) [hereinafter Waldman, Burden of Proof]. "Although the Fourth Circuit has not addressed the issue, other courts of appeals have split on which party has the burden of proof of establishing, for the purposes of a Rule 60(b)(4) motion, that a court lacked personal jurisdiction to enter a default judgment." Mid-Century Ins. Co. v. Thompson, No. 2:18-CV-459, 2019 WL 3769952, at *3 (E.D. Va. Aug. 9, 2019) (citing Arpaio v. Dupre, 527 F. App'x 108, 113 n.4 (3d Cir. 2013) (unpublished) (noting a circuit split on the issue)).

On this issue, "[a] number of courts have held, consistent with the allocation of the burden of proof on a Rule 12(b) motion to dismiss [for lack of jurisdiction], that the plaintiff, as the party asserting the existence of jurisdiction, shoulders the

burden of proving such jurisdiction on a Rule 60(b)(4) motion (§ 4)." Theresa L. Kruk, Who has burden of proof in proceeding under rule 60(b)(4) of Federal Rules of Civil Procedure to have default judgment set aside on ground that it is void for lack of jurisdiction, 102 A.L.R. Fed. 811 (originally published in 1991) [hereinafter Kruk, Burden of Proof]; see DiCesare-Engler Prods., Inc. v. Mainman Ltd., 81 F.R.D. 703, 705 (W.D. Pa. 1979) ("When a defendant appropriately challenges the existence of personal jurisdiction over him, the plaintiff has the burden of proving by a preponderance of the evidence that the court can exercise jurisdiction over the defendant."); Rockwell Int'l Corp. v. KND Corp., 83 F.R.D. 556, 559 n.1 (N.D. Tex. 1979) ("[I]t is the plaintiff that typically offers events or circumstances that it characterizes as meeting state statutory and federal due process standards."); Triad Energy Corp. v. McNell, 110 F.R.D. 382, 385 (S.D.N.Y. 1986) ("When either subject matter or personal jurisdiction is contested under Rule 60(b)(4), the burden of proof is properly placed on the party asserting that jurisdiction existed."); Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009) ("It goes without saying that, where the defendant challenges the court's exercise over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present . . . whether the issue is raised by way of a motion to dismiss under Federal Rule of Civil Procedure

12(b)(2) or a motion to set aside a judgment under Rule 60(b)(4)."). However, "[a]side from [simply] iterating the proposition that the burden of proof is on the plaintiff [on motions brought under Rule 12(b)(2)] and providing citations [to that effect]," these courts have offered no substantive rationale for adopting such a rule when the motion is made under Rule 60(b)(4) beyond the terse justification articulated in Rockwell and DiCesare. Waldman, Burden of Proof, 68 U. Chi. L. Rev. at 530.

"In contrast, however, more recent cases have imposed the burden of proof on the movant, usually the defendant, to establish the nonexistence of the court's jurisdiction at the time the default judgment was ordered and entered[.]" Kruk, Burden of Proof, 102 A.L.R. Fed. 811. "In such cases, a number of the courts have explicitly declined to adopt the Rule 12(b) burden allocation in the context of a Rule 60(b) motion, reasoning that it is not unfair to place the burden on a defendant who has chosen to contest jurisdiction at such a late date in the proceedings." Id.

This alternative approach appears to have originated in Rohm & Haas Co. v. Aries, 103 F.R.D. 541 (S.D.N.Y. 1984). In Rohm, the court noted that the cases placing the burden on the plaintiff:

> [fail] to consider that a defendant who was on notice of the original proceedings, had an opportunity, at that time, to oppose jurisdiction by a Rule 12 motion. Such a motion avoids prejudice to the plaintiff because all evidence needed to prove jurisdiction is readily

> available. . . . Accordingly, it is not unfair to place the burden on a defendant who has chosen to contest jurisdiction after judgment under Rule 60(b) rather than at the time of trial pursuant to Rule 12. This, of course, presumes that defendant was on notice at the time of the original proceedings.

Rohm, 103 F.R.D. at 544 (emphasis added). In Bally Exp. Corp. v. Balicar, the Seventh Circuit, adopting the approach taken by the court in Rohm, held that, "[i]f the defendant, after receiving notice, chooses to let the case go to a default judgment, the defendant must then shoulder the burden of proof when the defendant decides to contest jurisdiction in a postjudgment rule 60(b)(4) motion." Bally, 804 F.2d 398, 401 (7th Cir. 1986) (emphasis added).

Having carefully reviewed both lines of cases, the Court finds that the approach adopted by the Seventh Circuit in Bally is superior when, as is the case here, the defendant had actual notice of the original proceeding but delayed in bringing any motion to challenge jurisdiction until after entry of default judgment. Therefore, noting that HAL received notice of this proceeding[1] and chose to let the case go to a final default judgment, the burden of proof must then fall on HAL to establish that the Court lacked personal jurisdiction over it. To hold otherwise would not serve

---

[1] Here, Defendant HAL had notice by way of proper service. On November 4, 2024, Nakul Bagla, CEO of HAL, was served by a private process server and provided with the summons and a copy of the Complaint. ECF Nos. 8-9. Additionally, the factual record in this case makes clear that Defendant HAL had actual notice of these proceedings, as evidenced by the numerous emails sent to this Court by Mr. Suri, on behalf of HAL, before entry of final default judgment.

the fundamental purpose laid out in Federal Rule of Civil Procedure 1 that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. <u>Ex ante</u>, setting out a rule that places the burden of proof on a defendant with notice of the proceedings when seeking to set aside a default judgment as void for lack of personal jurisdiction under Rule 60(b)(4) will provide the proper incentives for such defendants to meaningfully engage in the proceedings in a timely manner, thereby promoting the speedy and inexpensive determination of the threshold issue of in personam jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, HAL, in seeking to set aside the final default judgment as void under Fed. R. Civ. P. 60(b)(4), bears the burden of proving that this Court lacked in personam jurisdiction to enter the final default judgment. Accordingly, a hearing on HAL's Motion to Set Aside (ECF No. 93) will be set for January 28, 2026, by an accompanying ORDER, during which HAL shall be responsible for satisfying its burden of proof on this issue.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 20, 2026